**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted February 24, 2006
Decided March 3, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff-Appellee*,<br><br>**No.**  05-2868  **v.**<br><br>TODD J. VERDONE,<br>  *Defendant-Appellant*. | Appeal from the United States<br>District Court for the Western<br>District of Wisconsin.<br><br>No. 03 CR 38<br>John C. Shabaz, *Judge*. |

**Order**

Last year we concluded that the district court had used the wrong Guideline to select the sentencing range for Todd Verdone's tax offenses and ordered resentencing. *United States v. Verdone*, No. 03-4058 (7th Cir. Feb. 9, 2005) (unpublished order). We added that because, after *United States v. Booker*, 543 U.S. 220 (2005), "the ranges prescribed by the Guidelines are no longer as controlling as they used to be, the upshot may not be as favorable to Verdone as he might wish." District judges are entitled to conclude that consideration of the factors in 18 U.S.C. §3553(a) may lead to higher sentences for some defendants, as well as lower sentences for others. Verdone, however, received the same 30-month sentence and has appealed again, contending that the sentence is unreasonable because he did not receive any benefit from the prior decision.

As we held in *United States v. Goldberg*, 406 F.3d 891 (7th Cir. 2005), however, no defendant resentenced after *Booker* is entitled to a lower sentence. Rather, all defendants are entitled to reasonable sentences. The district judge explained on remand why he imposed a 30-month sentence: not only Verdone's long history of violating the federal tax laws, but also his

habit of violating these laws in ways that cause annoyance to innocent bystanders (such as by filing false suspicious-activity reports). Verdone does not contend that the judge slighted consideration of either the presumptive Guideline range (which on remand was recalculated at 8 to 14 months) or the statutory factors. Instead he simply disagrees with the district court's application of these factors. A 30-month sentence for seven federal tax offenses by someone who trumpets his disdain for these laws, and his plan to violate them early and often, is not unreasonable.

Verdone also received a three-year term of supervised release, which is now in effect because he has been released from prison. He contests one of the special conditions of release: that he "[c]ooperate fully and completely with the Internal Revenue Service in the calculation and collection of civil tax liabilities, interest, and penalties." The United States contends that the contention is not ripe because Verdone has not yet violated the requirement and been sent back to prison. Yet we regularly entertain objections to conditions of release before they have been violated, on the sensible understanding that most persons endeavor to comply and that the terms thus affect ongoing conduct. The government's argument is rather like saying that, if the district judge had ordered Verdone to go over Niagara Falls in a barrel, he would not be entitled to appeal until he hit bottom.

This condition requires no more than what the tax statutes already entail. Thus it is implied by the standard condition that someone on supervised release comply with all state and federal laws, and is entirely appropriate to particularize the obligation given the nature of his crimes. Verdone professes to fear that a requirement to "cooperate" entails an obligation to "agree," so that if the IRS calculates his tax at $5,000, while he has a good-faith argument that he owes only $4,000, he must without ado fork over $5,000. That is not what an obligation to cooperate means. Verdone must abide completely by his legal obligations, furnish all required information, file complete and honest returns, and so on, but may employ the legal options (such as litigation to resolve *bona fide* disagreements with the IRS) open to all law-abiding citizens. He may not, however, continue to take frivolous positions, such as his contention that he is a citizen of the "Republic of Wisconsin" and is free to ignore the federal tax laws.

Affirmed